## BRIGGS & SAWYER v. HARTMAN.

1. DECEIT. Where an agent sold the property of his principal for a certain sum, for which he took the notes of the vendee, and then conveyed to his principal a tract of land, leading him to believe that he had received it in exchange for this property; *held*, that the principal could mantain an action against the agent for the amount actually received less his proper charges and compensation, even though no express representations were made.

2. NEW TRIAL. The appellate court will not reverse the order of the court below, in sustaining a motion for a new trial, on the ground that the verdict was against the instructions of the court, where all the instructions given to the jury do not appear of record,

*Appeal from Davis District Court.*

SATURDAY, NOVEMBER 7.

THE plaintiffs claim of the defendant the sum of five hundred dollars, and for cause of such claim allege that in August A. D. 1857, they put into the possession of the defendant a certain span of mules, to be sold by him for their use and benefit, and that he was to deliver over to them the money or property received for them. The plaintiffs allege that Hartman in fact sold the mules for the sum of five hundred

dollars, but that he afterwards represented to them that he sold them for, and received, a certain tract of land of eighty acres, situate in Cass county, which is described, and twenty-five dollars in money, which land was worth but two hundred dollars. And the plaintiffs charge that the defendant did not receive the land for the mules, but that he bought the same and paid therefor only two hundred dollars. The defendant had conveyed the land to the plaintiffs and they bring into court a deed reconveying the same to said Hartman, and aver that they had tendered it to him, and that he refused to receive the same.

There was an answer, a replication and rejoinder; and after a trial the jury found a verdict for the plaintiffs, assessing his damages at five hundred dollars. The defendant moved for a new trial, which was granted, and from this plaintiffs' appeal.

*Trimble & Baker* for the appellant.

*J. W. Newcomb* for the appellee.

WOODWARD, J.—So far as the motion for a new trial was based upon the idea that the verdict was not in accordance with the instructions, we cannot say whether it was correctly supported, for none of the instructions are given.

The main ground for the motion, in the mind of the defendant, apparently is, that it was not supported by the evidence. But judging from the evidence embraced in the bill of exceptions (which was probably all that was introduced) we think the verdict fully sustained. It is clearly shown that the defendant sold the mules for five hundred dollars, and took notes, and that he did not sell them for the land, but that he bought this as a distinct transaction and gave but two hundred dollars for it, and that the consideration of *four* hundred dollars expressed is false. . It would be immaterial if the evidence did fail to show an express false representation to the plaintiffs on the settlement. If Hartman tacitly led, or permitted, the plaintiff to think that he got the land, and

The State of Iowa ex rel. Van Houten v. Jones, County Judge.

that only (with $25,) for the mules, and to settle with him upon that supposition, he practiced a deceit. He is answerable for the amount he actually received, deducting his proper charges and compensation.

But, as clear as the facts may appear to us, we cannot reverse the order granting a new t ial, for the reason that some of the instructions are not given, whilst the motion is based partly on these, and the court may have granted it for some supposed error in them. Again, we have no means of judging of the force of the first cause assigned in the motion for a new trial, relating to evidence offered of the declarations of Phelps.

The order is affirmed.